IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| **RTC INDUSTRIES, INC.,** an Illinois corporation, Plaintiff, v. **DISPLAYS PLUS, INC.,** a California corporation Defendant. | Civil Action No. _____ <br><br> Judge _____ <br><br> Magistrate Judge _____ <br><br> JURY DEMAND |

## COMPLAINT

The Plaintiff, RTC Industries, Inc., (hereinafter "RTC"), for its Complaint against the Defendant, Displays Plus, Inc., (hereinafter "Defendant") alleges as follows:

### THE PARTIES

1. Plaintiff RTC is an Illinois corporation having its principle place of business at 2800 Golf Road, Rolling Meadows, Illinois 60008. RTC, *inter alia,* makes and sells product securement and management systems.

2. On information and belief, Defendant Displays Plus, Inc. is a California corporation with an address in Placentia, California. Defendant Displays Plus, Inc. makes and sells product securement and management systems and/or products. On information and belief, Defendant Displays Plus, Inc. has knowingly and intentionally placed its products into the stream of commerce through established distribution channels expecting them to be shipped into and

purchased and used by customers in this District. On information and belief, Displays Plus, Inc. "Star" brand "Loss Prevention" systems have been sold into retail stores in this District.

## JURISDICTION AND VENUE

3. This is an action for patent infringement arising under the patent laws of the United States, 35 U.S.C. § 1 *et seq*., and particularly 35 U.S.C. §§ 271 and 281. This Court has subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1338(a). Personal jurisdiction over Defendants is proper in this Court.

4. Venue is proper in this District in accordance with 28 U.S.C. §§ 1391(b)-(c) and § 1400(b).

## COUNT I:
## INFRINGEMENT OF U.S. PATENT NO. 7,669,722

5. On March 2, 2010, the United States Patent and Trademark Office duly and legally issued United States Patent No. 7,669,722 ("'722 patent") entitled "Product Securement and Management System." RTC is the owner of the '722 patent, by virtue of assignment of all rights, title and interest to the '722 patent. A true and correct copy of the '722 patent is attached to this Complaint as Exhibit A.

6. Defendant has been and still is infringing, inducing infringement of, and/or contributorily infringing the '722 patent by making, using, offering to sell, selling, and/or importing product securement and management systems and/or products, including, but not limited to, its "Star" brand "Loss Prevention" systems that it refers to as "STAR Pusher Shelf with Doors," that are covered by one or more claims of the '722 patent.

7. Defendant's acts of infringement have been without express or implied license by RTC, are in violation of RTC's rights, and will continue unless enjoined by this Court.

8.  On information and belief, Defendant's acts of infringement have been willful and with knowledge of the '722 patent and Defendant has continued its infringement in willful disregard of the '722 patent and the rights created thereunder.

9.  RTC has been and will continue to be irreparably harmed by Defendant's infringement of the '722 patent.

## COUNT II:
## INFRINGEMENT OF U.S. PATENT NO. 7,661,545

10. On February 16, 2010, the United States Patent and Trademark Office duly and legally issued United States Patent No. 7,661,545 ("'545 patent") entitled "Product Securement and Management System." RTC is the owner of the '545 patent, by virtue of assignment of all rights, title and interest to the '545 patent. A true and correct copy of the '545 patent is attached to this Complaint as Exhibit B.

11. Defendant has been and still is infringing, inducing infringement of, and/or contributorily infringing the '545 patent by making, using, offering to sell, selling, and/or importing product securement and management systems and/or products, including, but not limited to, its "Star" brand "Loss Prevention" systems that it refers to as "STAR Pusher Shelf with Doors," that are covered by one or more claims of the '545 patent.

12. Defendant's acts of infringement have been without express or implied license by RTC, are in violation of RTC's rights, and will continue unless enjoined by this Court.

13. On information and belief, Defendant's acts of infringement have been willful and with knowledge of the '545 patent and Defendant has continued its infringement in willful disregard of the '545 patent and the rights created thereunder.

14. RTC has been and will continue to be irreparably harmed by Defendant's infringement of the '545 patent.

## COUNT III:
## INFRINGEMENT OF U.S. PATENT NO. 7,299,934

15. On November 27, 2007, the United States Patent and Trademark Office duly and legally issued United States Patent No. 7,299,934 ("'934 patent") entitled "Product Securement and Management System." RTC is the owner of the '934 patent, by virtue of assignment of all rights, title and interest to the '934 patent. A true and correct copy of the '934 patent is attached to this Complaint as Exhibit C.

16. Defendant has been and still is infringing, inducing infringement of, and/or contributorily infringing the '934 patent by making, using, offering to sell, selling, and/or importing product securement and management systems and/or products, including, but not limited to, its "Star" brand "Loss Prevention" systems that it refers to as "STAR Pusher Shelf with Doors," that are covered by one or more claims of the '934 patent.

17. Defendant's acts of infringement have been without express or implied license by RTC, are in violation of RTC's rights, and will continue unless enjoined by this Court.

18. On information and belief, Defendant's acts of infringement have been willful and with knowledge of the '934 patent and Defendant has continued its infringement in willful disregard of the '934 patent and the rights created thereunder.

19. RTC has been and will continue to be irreparably harmed by Defendant's infringement of the '934 patent.

## COUNT IV:
## INFRINGEMENT OF U.S. PATENT NO. 7,497,341

20. On March 3, 2009, the United States Patent and Trademark Office duly and legally issued United States Patent No. 7,497,341 ("'341 patent") entitled "Product Securement and Management System." RTC is the owner of the '341 patent, by virtue of assignment of all

rights, title and interest to the '341 patent. A true and correct copy of the '341 patent is attached to this Complaint as Exhibit D.

21. Defendant has been and still is infringing, inducing infringement of, and/or contributorily infringing the '341 patent by making, using, offering to sell, selling, and/or importing product securement and management systems and/or products, including, but not limited to, its "Star" brand "Loss Prevention" systems that it refers to as "STAR Pusher Shelf with Doors," that are covered by one or more claims of the '341 patent.

22. Defendant's acts of infringement have been without express or implied license by RTC, are in violation of RTC's rights, and will continue unless enjoined by this Court.

23. On information and belief, Defendant's acts of infringement have been willful and with knowledge of the '341 patent and Defendant has continued its infringement in willful disregard of the '341 patent and the rights created thereunder.

24. RTC has been and will continue to be irreparably harmed by Defendant's infringement of the '341 patent.

## COUNT V:
## INFRINGEMENT OF U.S. PATENT NO. 7,389,886

25. On June 24, 2008, the United States Patent and Trademark Office duly and legally issued United States Patent No. 7,389,886 ("'886 patent") entitled "Product Securement and Management System." RTC is the owner of the '886 patent, by virtue of assignment of all rights, title and interest to the '886 patent. A true and correct copy of the '886 patent is attached to this Complaint as Exhibit E.

26. Defendant has been and still is infringing, inducing infringement of, and/or contributorily infringing the '886 patent by making, using, offering to sell, selling, and/or importing product securement and management systems and/or products, including, but not

limited to, its "Star" brand "Loss Prevention" systems that it refers to as "STAR Pusher Shelf with Doors," that are covered by one or more claims of the '886 patent.

27. Defendant's acts of infringement have been without express or implied license by RTC, are in violation of RTC's rights, and will continue unless enjoined by this Court.

28. On information and belief, Defendant's acts of infringement have been willful and with knowledge of the '886 patent and Defendant has continued its infringement in willful disregard of the '886 patent and the rights created thereunder.

29. RTC has been and will continue to be irreparably harmed by Defendant's infringement of the '886 patent.

**JURY DEMAND**

30. RTC demands a jury trial on all issues so triable.

**PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff RTC respectfully prays that:

A. Pursuant to 35 U.S.C. §271, this Court enter judgment that Defendant has been and is currently infringing the '722 patent, the '545 patent, the '934 patent, the '341 patent, and the '886 patent;

B. This Court Order that Defendant and each of its officers, agents, servants, employees, assigns and successors in interest, those persons in active concert of participation with it who receive notice of the injunction, and others acting on its behalf, be permanently enjoined from infringing the '722 patent, the '545 patent, the '934 patent, the '341 patent, and the '886 patent, including through use of the infringing products as well as making, selling or offering for sale the infringing products;

C.     This Court Order that Defendant notify purchasers and users of the infringing products that the products infringe the '722 patent, the '545 patent, the '934 patent, the '341 patent, and the '886 patent, and that Defendant recall all infringing products sold or otherwise distributed, and that the Defendant remove the infringing products from all stores where those products have been installed;

D.     Defendant be directed to provide an accounting to determine the damages suffered by RTC as a result of Defendant's infringing conduct, such damages including, but not limited to, RTC's lost profits on sales or offers for sale of the infringing products, and in no event less than a reasonable royalty;

E.     Defendant be directed to pay RTC the amount of damages that RTC has sustained as a result of Defendant's acts of patent infringement, and that such damages be trebled under 35 U.S.C. §284 as a result of any willful infringement of RTC's '722 patent, '545 patent, '934 patent, '341 patent, and '886 patent;

F.     This be declared an exceptional case under 35 U.S.C. §285, and RTC be awarded its attorneys' fees;

G.     Defendant be directed to pay RTC an award of pre-judgment interest, post-judgment interest, and costs of the suit; and

H.     RTC be granted such other further relief as the Court may deem proper and just.

Respectfully submitted,

Dated: September 24, 2010  By: /s/ Timothy J. Rechtien
Joseph J. Berghammer
*jberghammer@bannerwitcoff.com*
Scott A. Burow
*sburow@bannerwitcoff.com*
Timothy J. Rechtien
*trechtien@bannerwitcoff.com*
BANNER & WITCOFF, LTD.
10 South Wacker Drive, Suite 3000
Chicago, Illinois 60606
Tel.: (312) 463-5000
Fax: (312) 463-5001

***Attorneys for Plaintiff
RTC Industries, Inc.***